MONSARRAT v. MERCANTILE TRUST CO. et al.

SAME v. ROBINSON.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1901.)

Nos. 853, 872.

1. RAILROADS—FORECLOSURE OF MORTGAGE—PREFERENTIAL DEBTS.
   A provision of an order appointing a receiver for a railroad in a foreclosure suit directing him to pay traffic and mileage balances which had accrued within six months, while it entitled another company to preferential payment from the income of the receivership of a claim for a balance on mileage sold over its road by the defendant company and redeemed within six months, does not convert such claim into one against the receivership, entitled to absolute payment from the corpus of the mortgaged property in preference to the mortgage debt.

2. SAME—MILEAGE REDEEMED BY OTHER COMPANIES DURING RECEIVERSHIP.
   A railroad company which has authorized a second company to issue tickets or mileage over its line is bound by its obligation to the holders to redeem the same, and look to the issuing company for settlement, notwithstanding the latter's insolvency; and an agreement by its receiver to pay the amount of such mileage as shall be taken up after his appointment does not convert the claim, which was a debt of the company, into one of the receivership.

Appeals from the Circuit Court of the United States for the Southern District of Ohio.

James H. Hoyt, for Monsarrat.
Lawrence Maxwell, Jr., for Robinson.
Morrison R. Waite, for Mercantile Trust Co. and Metropolitan Trust Co.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge. These two cases have been heard together, and involve the same question. The appeal of Monsarrat, as

receiver of the Columbus, Hocking Valley & Toledo Railway Company, in cause No. 853, is from a decree dismissing an intervening petition filed by him against Joseph Robinson, successor to S. M. Felton, as receiver of the Columbus, Sandusky & Hocking Railroad Company, praying a decree against Robinson, as receiver, upon an account for $7,522.64. Monsarrat was appointed receiver of the Hocking Valley Company by the court below, February 24, 1897. Under an arrangement entered into between him, as receiver, and the defendant the railroad company, mileage tickets were issued by Monsarrat, as receiver, good over the railroad of the railroad company, and by the latter company good over the line operated by Monsarrat, as receiver. June 2, 1897, Felton was appointed receiver of the railroad company. At that time many mileage books were outstanding, which had been sold by the railroad company, good over the Hocking Valley Line. Monsarrat, as receiver, continued, after the appointment of a receiver for the railroad company, to accept these outstanding mileage books when presented upon his railroad. He now claims that, after crediting all mileage coupons sold by him and honored by the railroad company, or its receiver, a balance is due him, as receiver, of $7,522.64. Much the larger part of this accrued during March, April, and May, 1897, being for mileage coupons taken up by Monsarrat before a receiver was appointed for the defendant railroad company. Appellant insists that the whole claim is a liability of the receivership, and the object of his intervention was to have it so declared and paid. The decree from which appellant has appealed was one holding that the receiver was not liable on account of mileage books issued by the railroad company prior to his appointment as receiver. In this conclusion we concur. The contention that the balance due on this mileage account when a receiver was appointed for the defendant railroad company became a liability of the receiver by virtue of the order made when the receiver was appointed is unsound. That order was the usual order made in such cases directing the receiver to pay labor, supply, and material claims, and "traffic or mileage balances," which had accrued within six months. Conceding that the order included the balance due on this mileage account, still it does not follow that the claim became thereby a receiver's debt. In the case of Gregg v. Trust Co. (a case against the same receiver, and decided at this term) 109 Fed. 220, we had occasion to pass upon the legal effect of that order, it being there contended that every claim within the terms of that order was thereby preferred over the mortgagees in the corpus of the mortgaged estate. We then held that, while the receiver would have been protected if he had paid out of the earnings of the receivership the claims embraced within the order, yet the order did not vest in any of the claimants an absolute right of payment out of the corpus of the mortgaged estate in preference to the mortgagees, and that if, in default of income out of which the receiver might comply with the order, creditors should seek to displace mortgages resting upon the corpus of the railroad, the mortgagees were entitled to be heard. The case of Railroad Co. v. Wilson, 138 U. S. 501, 506, 11 Sup. Ct. 405, 34 L. Ed. 1023, was cited as an express authority. If this was a

right conclusion, it clearly follows that such an order did not have the effect of converting debts of the railroad company into debts of the receiver.

It is next said that Mr. Felton, the predecessor of the appellee in the receivership, shortly after his appointment agreed that, if appellant would exercise care in rejecting mileage books presented by other than the original owners, he would honor whatever mileage he took up. This statement had manifestly no reference to the account for coupons taken up before he became receiver. Its utmost effect was to promise payment for coupons thereafter taken up. This limits its application to about $1,400 of the account here involved. As this mileage was sold by the railroad company while acting as the agent of the appellant, so far as the mileage books were receivable over the railroad operated by Monsarrat, the railroad company came under obligation to account to appellant whenever such mileage was used on his railroad. The obligation of appellant to receive such mileage books when presented for fares was a fixed contractual obligation towards every holder of mileage books, and was in no wise affected by the subsequent appointment of Felton as receiver; and the remedy of appellants for mileage so used on his railroad was against his agent, the railroad company, which sold the ticket. Cowen v. Winters, 37 C. C. A. 628, 96 Fed. 929. The undertaking by the receiver to assume this obligation of the railroad company to the appellant for such outstanding mileage cannot operate to convert this claim into a debt of the receivership. The receiver had no such authority, either under the order made when he was appointed or under his general authority as receiver. In cause No. 872 the appellant sought to set off a liability to Robinson, receiver, by the claim preferred independently under the intervention from which cause No. 853 is an appeal. In both cases the court held that the claim was a liability of the railroad company, and not a liability of the receivership. That the claim is one of the class entitled to a preference in the income, we have no doubt. Appellant, in No. 853, has assigned it as error that the petition was dismissed, when it should have been entertained so far as to permit the claim to share in any distribution of income arising under the receivership. To this extent, and for this purpose only, the decree may be modified so as to allow the claim to be established as a preferential debt, with leave to share in any fund which shall arise from surplus earnings of the receivership. The decree in No. 872, denying this claim as a set-off, is affirmed, with costs. Costs in No. 853 will also be paid by appellant, as receiver.